IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THOMAS PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:20-cv-1818 |
| | ) |
| BARNES-JEWISH HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Barnes-Jewish Hospital

hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court

of St. Louis City, State of Missouri. In support of its Notice of Removal, Defendant states as

follows:

1.      On November 12, 2020, Plaintiff Thomas Parks filed this action styled *Thomas*

*Parks v. Barnes-Jewish Hospital*, Case No. 2022-CC10302, in the Circuit Court of City of St.

Louis, Missouri.

2.      Defendant Barnes-Jewish Hospital was served the Summons and Petition by

special process server on November 19, 2020.

3.      Pursuant to 28 U.S.C. § 1446(b)(3), Defendant's removal of this action is timely

because it has been filed within 30 days of the date of service.

4.      As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders

served on Defendant are attached as Exhibit A.

5.      Plaintiff's Complaint consists of two counts. Count I alleges race discrimination

under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. Count II alleges

retaliation under the Missouri Workers' Compensation Law, Mo. Rev. Stat. § 287.780.

## TITLE VII OF THE CIVIL RIGHTS ACT (COUNT I)

6.     This Court has jurisdiction over actions arising "under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

7.     Title VII is a law of the United States, and civil actions brought under Title VII are within this Court's original jurisdiction and are removable to this Court. *See Thorn v. Amalgamated Transit Union*, 305 F.3d 826 (8th Cir. 2002) (Title VII claim removed to federal court).

8.     Count I in Plaintiff's Complaint is a civil action under Title VII, 42 U.S.C. § 2000e. Since Title VII is a law of the United States, the Court has federal question jurisdiction and this claim is removable. 28 U.S.C. § 1331. In addition, Title VII provides that "[e]ach United States district court . . . shall have jurisdiction of actions brought" under Title VII. 42 U.S.C. § 2000e-5(f)(3).

9.     Thus, this action is removable and this Court has jurisdiction based on federal question.

## WORKERS' COMPENSATION RETALIATION CLAIM (COUNT II)

10.     Count II of Plaintiff's Complaint is a civil action for retaliation under the Missouri Workers' Compensation Law.

11.     Usually, if the Court has jurisdiction over a case with a federal claim, then state law claims also included in the Complaint may also be removed if they fall within the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367. However, claims under state law workers' compensation acts are not removable. "A civil action in any State court arising under workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(d).

12.     Federal law mandates that if one claim is removable based on federal question, and another claim is not removable because it arises under a workers' compensation statute, the Court must retain jurisdiction over the federal claim and immediately remand the workers' compensation claim back to the state court from where it came. The relevant procedural statute directs as follows:

**Joinder of Federal Law Claims and State Law Claims.**

(1) If a civil action includes—

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.

28 U.S.C. § 1441(c)(1)-(c)(2). This section "mandates that the Court must sever and remand only the non-removable workers' compensation claim." *Miley v. Hous. Auth. of City of, Bridgeport*, 926 F. Supp. 2d 420, 428 (D. Conn. 2013) (retaining jurisdiction over federal § 1983 claim, while severing and remanding a workers' compensation retaliation claim). "[T]he United States Code directs this Court to sever a nonremovable workers' compensation claim from a lawsuit and remand the severed claim to the State court from which it was removed." *Kaylor v. Multi-Color Corp.*, 2020 WL 5639403, at *4 (S.D. Ohio Sept. 21, 2020) (retaining jurisdiction over

federal employment discrimination claims, while severing and remanding the workers' compensation retaliation claim).

28.     Thus, in other cases removed to federal court alleging federal claims and a Missouri workers' compensation retaliation claim, courts have retained jurisdiction over the federal claims and remand the workers' compensation retaliation claim. *See Campbell v. Anytime Labor-Kansas, LLC*, 2016 WL 2743541, at *9 (W.D. Mo. May 11, 2016) ("Plaintiff's claim arising under the Missouri workers' compensation statute must be severed from the case and remanded . . . The remaining claims are within the Court's original or supplemental jurisdiction and will be retained."); *Hearring v. Just Us of Columbia, LLC*, 2016 WL 299040, at *1 (W.D. Mo. Jan. 25, 2016) (after removal to federal court, retaining jurisdiction over federal employment discrimination claims, and remanding retaliation claim under the Missouri Workers' Compensation Law); *Olson v. St. Luke's Hosp. of Kansas City*, 2012 WL 254124 (W.D. Mo. 2012); *see also Pendergrass v. BI-State Utilities Co.*, 2018 WL 4961496, at *1 n.2 (E.D. Mo. Oct. 15, 2018) (stating this Court retained jurisdiction over federal claims, while severing and remanding a claim under the Missouri Workers' Compensation Law).

29.     Accordingly, Defendant seeks to have this Court accept removal of Count I of Plaintiff's Complaint, and immediately remand Count II back to state court for further proceedings.

## CONCLUSION

30.     Defendant respectfully requests that the filing of this Notice of Removal shall effect the removal of this civil action to this Court, and respectfully requests that this Court immediately remand Count II back to the Circuit Court of St. Louis City.

4

31. After filing this Notice of Removal, Defendant will promptly give notice in writing to Plaintiff Thomas Parks through his counsel of record and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of City of St. Louis, Missouri.

WHEREFORE, Defendant respectfully requests this Court exercise jurisdiction over this action and remand the workers' compensation retaliation claim to the Circuit Court of St. Louis City, and for such other relief as this Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Andrew L. Metcalf*
James M. Paul, MO #44232
Andrew L. Metcalf, MO #66079
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Telephone: 314-802-3935
Facsimile: 314-802-3936
james.paul@ogletree.com
andrew.metcalf@ogletree.com

Attorneys for Defendant Barnes-Jewish Hospital

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 18, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy of which will be sent via first class U.S. Mail, postage prepaid, to the following:

Joshua M. Pierson
Jill A. Silverstein
SilversteinWolf, LLC
530 Maryville Centre Dr., Suite 460
St. Louis, MO 63141
jp@silversteinwolf.com
js@silversteingwolf.com

*Attorneys for Plaintiff*

/s/ *Andrew L. Metcalf*
Attorneys for Defendant Barnes-Jewish Hospital

45262393.1

6