UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS PARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-01818-MTS |
| | ) |
| BARNES-JEWISH HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Sever and Remand Count II (Doc. [12]) and Defendant's Notice of Removal (Doc. [1]). Plaintiff filed his Petition in state court, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and workers' compensation retaliation under Missouri's Workers' Compensation Act, Mo. Rev. Stat. §§ 287.010–287.811. Doc. [6] at 1, 3. Defendant timely removed the action to this Court.[1] Defendant justified removal on federal-question grounds, asserting that Plaintiff's Title VII claim arises under the law of the United States within the meaning of 28 U.S.C. § 1331. Doc. [1] at 2. But Plaintiff's state-law workers' compensation retaliation claim, argued Defendant, is nonremovable under federal law. *See id.* at 2–4; 28 U.S.C. § 1445(c). Citing 28 U.S.C. § 1441(c), Defendant argued that the proper thing for the Court to do is retain jurisdiction over the federal Title VII claim but sever and remand the nonremovable workers' compensation claim. Doc. [1] at 3–4. Plaintiff then filed his Motion to Remand, agreeing with Defendant's assessment of the statutory scheme and its application to this case. *See* Docs. [12] and [13].

---

[1] Defendant was served on November 19, 2020 and removed the case on December 18, 2020. Docs. [1], [7]. A Defendant may remove an action within thirty days after service. 28 U.S.C. § 1446(b). Defendant thus removed the case within the statutorily required timeframe.

1

I.      DISCUSSION

When a plaintiff files a case in state court, federal law permits defendants to remove the case to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Racial discrimination claims made under Title VII of the Civil Rights Act of 1964 clearly "aris[e] under" the laws of the United States, as Title VII is a federal law. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 500 (2006) (noting that Title VII "fit[s] within the Judicial Code's grant of subject-matter jurisdiction to federal courts over actions 'arising under' federal law" and that Title VII's own jurisdictional provision, 42 US.C. § 2000e-5(f)(3), also "empowers federal courts to adjudicate civil actions" brought under Title VII). Federal courts therefore have federal-question jurisdiction over such claims. *See id.*

Claims not within the federal courts' original jurisdiction may still be heard in federal court, so long as the court has supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(a). Supplemental jurisdiction exists where federal-law and state-law claims "derive from a common nucleus of operative fact." *S. Council of Indus. Workers v. Ford*, 83 F.3d 966, 969 (8th Cir. 1996) (quoting *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs.*, *Inc.* 77 F.3d 1063, 1067 (8th Cir. 1996)); *Wong v. Minn. Dep't of Hum. Servs.*, 820 F.3d 922, 933 (8th Cir. 2016). But Congress has expressly made certain claims nonremovable, including "action[s] . . . arising under the workmen's compensation laws" of any state. 28 U.S.C. § 1445(c). A case involving both a federal claim under § 1331 and a claim "made nonremovable by statute" may still be removed "if the action would be removable without the inclusion of" the nonremovable claim. § 1441(c). Section 1441(c) instructs the federal court in such a case to sever from the case the nonremovable claims

2

and remand the severed claims to the state court from which the action was removed. § 1441(c)(2).

It is clear that Plaintiff's Title VII discrimination claim falls within the Court's federal-question jurisdiction. *See Arbaugh*, 546 U.S. at 500. The only question is therefore whether Plaintiff's workers' compensation retaliation claim, created by state law, "aris[es] under the workmen's compensation laws" of Missouri within the meaning of § 1445(c), such that the claim is nonremovable and thus must be severed and remanded back to the Circuit Court for the City of St. Louis pursuant to § 1441(c)(2). The answer to that question is yes. *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995); *Hearring v. Just Us of Columbia, LLC*, No. 2:15-cv-04255-NKL, 2016 WL 299040, at *1 (W.D. Mo. Jan. 25, 2016) (severing and remanding Mo. Rev. Stat. § 287.780 claim on grounds that it is nonremovable under 28 U.S.C. § 1445(c)). In *Humphrey*, the Eighth Circuit reasoned that, by its plain meaning, § 1445(c) covers specific rights of action created by state legislatures within the state's workers' compensation laws. *Humphrey*, 58 F.3d at 1246 ("[A] civil action brought to enforce [a right of action within a state's workers' compensation laws] is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies."); *see also Olson v. St. Luke's Hosp. of Kansas City*, No. 11–00602–CV–W–JTM, 2012 WL 254124, at *2 (W.D. Mo. Jan. 27, 2012) (noting the *Humphrey* decision as reflecting that a claim for retaliation for exercising workers' compensation rights under Mo. Rev. Stat. § 287.780 arises under the state's workers' compensation laws and thus is nonremovable to federal court).

Plaintiff thus has brought a claim over which the Court has federal-question jurisdiction—his Title VII claim—as well as a nonremovable state-law workers' compensation claim, as defined by § 1445(c). This presents exactly the situation envisioned in § 1441(c): the action includes a claim "arising under" federal law and a claim "made nonremovable by statute," meaning that,

under § 1441(c)(2), the Court must sever and remand the nonremovable workers' compensation retaliation claim. *See Campbell v. Anytime Labor-Kansas, LLC*, No. 16-00142-CV-W-GAF, 2016 WL 2743541, at *4–5 (W.D. Mo. May 11, 2016) (remanding, pursuant to §§ 1441(c) and 1445(c), workers' compensation retaliation claim under Mo. Rev. Stat. § 287.780 while retaining jurisdiction over federal claims in same case).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Sever and Remand Count II, Doc. [12], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for workers' compensation retaliation under Mo. Rev. Stat. § 287.780 is severed from this case and is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri for further proceedings. The Court retains jurisdiction over Plaintiff's Title VII race discrimination claim under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

Dated this 9th day of February, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE